UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RHONDA FLEMING,

Plaintiff,

v.

LT. RIEHM; LT. WINSTON; UNIT COUNSELOR DUFFY; OFFICER DUNNIGAN; WARDEN NICKELS; OFFICER MARTINEZ; CAPTAIN NELSON; CAPTAIN GREENFIELD; and ALL MEDICAL STAFF, KNOWN AND UNKNOWN, All in Their Official and Individual Capacities,

Defendants.

Case No. 16-CV-3116 (PJS/SER)

ORDER

Rhonda Fleming, plaintiff, pro se.

Plaintiff Rhonda Fleming was "the central figure" in a scheme to defraud Medicare and Medicaid. *United States v. Arthur*, 432 F. App'x 414, 417 (5th Cir. 2011). She was convicted of multiple felonies—including health-care fraud and wire fraud—in the United States District Court for the Southern District of Texas. *Id.* at 416-17. Since being incarcerated, Fleming has devoted a good part of her time to filing frivolous lawsuits. As a result, Fleming is now barred from proceeding in forma pauperis ("IFP") in federal court "unless [she] is under imminent danger of serious physical injury." *See*

*Fleming v. Williams*, 235 F.3d 1341 (5th Cir. 2000) (unpublished table disposition); 28 U.S.C. § 1915(g).

Fleming was formerly incarcerated in the Federal Correctional Institution in Waseca, Minnesota ("FCI-Waseca"). In September 2016—after Fleming had been transferred to the Federal Medical Center in Fort Worth, Texas ("FMC-Carswell")—she filed this civil-rights action against several employees of FCI-Waseca. ECF No. 1. Fleming applied for permission to proceed IFP, but Magistrate Judge Steven E. Rau denied Fleming's application because she was not alleging that she was in "imminent danger of serious physical injury." ECF No. 3 at 2. Judge Rau warned Fleming that if she "wishes to pursue this action, she must pay the full $400 filing fee by no later than October 25, 2016, failing which this Court will recommend that this action be dismissed without prejudice for failure to prosecute." *Id.*

Fleming responded by simultaneously filing a "Motion to Reconsider" (ECF No. 4) and an "Amended Civil Complaint" (ECF No. 5). Fleming's amended complaint added claims against employees of FMC-Carswell—claims that were completely unrelated to her claims against the employees of FCI-Waseca. In her motion to reconsider, Fleming argued that she should be allowed to proceed IFP because she was in "imminent danger of serious physical injury" at FMC-Carswell.

In response, Judge Rau issued a report and recommendation ("R&R") in which he essentially recommended that all of Fleming's claims be dismissed without prejudice. ECF No. 8. Specifically, Judge Rau recommended that the FMC-Carswell defendants be dismissed from this action[1] because those defendants had been misjoined, and he recommended that Fleming's action against the FCI-Waseca defendants be dismissed for failure to prosecute because Fleming did not pay the filing fee.

Fleming filed an objection to the R&R, arguing that she is in imminent danger of being injured at FMC-Carswell. ECF No. 10. Fleming also argues that the FMC-Carswell employees were properly joined as defendants to this action because every act of abuse against a female inmate of a federal prison occurs pursuant to "a

---

[1]Judge Rau actually recommended that these defendants be "severed," but when the R&R is read in its entirety, it appears that Judge Rau meant to recommend that these defendants be dismissed. Rule 21 of the Federal Rules of Civil Procedure gives a court two options for dealing with a misjoined party: First, a court can "drop"—i.e., dismiss—a misjoined party. Second, a court can "sever any claim against [that] party"—i.e., make two (or more) lawsuits out of one. Judge Rau seems to have intended to recommend that the FMC-Carswell parties be dropped. *See* ECF 8 at 5 n.2 ("Should Fleming bring her claims against [the FMC-Carswell] defendants in the correct venue, and should Fleming apply for IFP status in that venue, the court considering those claims and Fleming's IFP application will be fully capable of determining whether Fleming qualifies for IFP status under § 1915(g) given the facts alleged in that action.").

nationwide practice and/or policy of retaliation, assaults, physical intimidation of female prisoners, to deny access to court by Bureau of Prisons employees." *Id.* at 1.[2]

The Court overrules Fleming's objection and adopts the R&R. The FMC-Carswell defendants have plainly been misjoined, for the reasons described by Judge Rau. Fleming alleges that the acts of mistreatment that she allegedly suffered at the hands of the FCI-Waseca defendants and the acts of mistreatment that she allegedly suffered at the hands of the FMC-Carswell defendants were all committed pursuant to a single nationwide plan. That allegation is utterly implausible and is supported by nothing more than Fleming's allegations that (1) women inmates at more than one facility have suffered maltreatment, and (2) BOP employees at various facilities speak to each other. That allegation is also belied by Fleming's own complaint, which largely attributes her mistreatment to the alleged racism of the individual defendants. The Court will thus "drop" the FMC-Carswell defendants from this action. *See* Fed. R. Civ. P. 21.[3]

---

[2]Fleming also filed a second amended complaint (which she erroneously styled as a "Third Amended Complaint"), in which she added allegations against the FMC-Carswell defendants. ECF No. 12. The Court strikes that pleading, however, as Fleming needed—but did not seek or receive—the Court's permission to file it. *See* Fed. R. Civ. P. 15(a)(2). Even if the Court allowed Fleming to file the second amended complaint, however, it would not change the Court's disposition of this matter.

[3]Dismissing the claims against the FMC-Carswell defendants will not prejudice Fleming. *See Strandlund v. Hawley*, 532 F.3d 741, 745 (8th Cir. 2008) (misjoined defendants should not be dismissed—but claims against them should instead be

The remainder of this action—which consists entirely of allegations against employees of FCI-Waseca, at which Fleming is no longer incarcerated—will be dismissed without prejudice for failure to prosecute. Fleming has not alleged that *those defendants* are placing her in "imminent danger of serious physical injury," and thus, under 28 U.S.C. § 1915(g), she must pay the filing fee. *See Pettus v. Morgenthau*, 554 F.3d 293, 298 (2d Cir. 2009) ("[T]he complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts . . . ."). Fleming has not paid the filing fee. Consequently, this action must be dismissed.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The pleading styled "Third Amended Complaint" filed by plaintiff Rhonda Fleming on November 21, 2016 [ECF No. 12] is STRICKEN.

---

severed—when the running of the statute of limitations will bar the refiling of those claims). A two-year statute of limitations applies to Fleming's claims against the FMC-Carswell defendants. *See Cooper v. Brookshire*, 70 F.3d 377, 380 n. 20 (5th Cir. 1995) ("As there is no federal statute of limitations for § 1983 actions, the federal courts borrow the forum state's general personal injury limitations period. . . . The applicable statute of limitations in Texas is two years." ); *Starks v. Hollier*, 295 F. App'x 664, 665 (5th Cir. 2008) (holding the same and citing *Cooper*). Fleming's complaint alleges that she was transferred to FMC-Carswell in November 2015 and first suffered maltreatment in that facility in April 2016. ECF No. 5 at 4. She thus has plenty of time to refile her claims.

2. The Report and Recommendation of November 7, 2016 [ECF No. 8] is ADOPTED AS MODIFIED.

3. Fleming's objection to the Report and Recommendation of November 7, 2016 [ECF No. 10] is OVERRULED.

4. Fleming's motion to reconsider the denial of her application to proceed in forma pauperis [ECF No. 4] is DENIED.

5. Defendants Officer Dunnigan, Officer Martinez, and Captain Greenfield are DISMISSED WITHOUT PREJUDICE under Fed. R. Civ. P. 21.

6. The remainder of this action is DISMISSED WITHOUT PREJUDICE for failure to prosecute.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: December 9, 2016

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge